USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: JUL 28 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LINDA A. KPAKA,

        Plaintiff,

v.

CITY UNIVERSITY OF NEW YORK;
BOROUGH OF MANHATTAN
COMMUNITY COLLEGE; HOWARD
MELTZER; THADDEUS RADELL; SIMON
CARR,

        Defendants.

No. 14-CV-6021 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Linda Kpaka, proceeding *pro se*, brings this employment discrimination action against her former employer, Borough of Manhattan Community College ("BMCC"), a college within the City University of New York ("CUNY") system, and three individuals, Howard Meltzer, Thaddeus Radell, and Simon Carr. Howard Meltzer and Simon Carr are both Associate Professors at BMCC. Defs.' Br. at 6. Thaddeus Radell is an Assistant Professor at BMCC. *Id.* Plaintiff alleges racial and gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and disability discrimination under the American with Disabilities Act of 1990 ("ADA").[1] Plaintiff filed a Complaint on July 16, 2014, ECF No. 2, and Defendants moved to dismiss on February 27, 2015, ECF No. 16. For the reasons that follow, Defendant's motion is granted.[2]

---

[1] Although the Complaint does not specify which statutes Plaintiff brings this action pursuant to, it can reasonably be construed as alleging claims under Title VII and the ADA.

[2] In her affidavit in opposition to Defendants' motion to dismiss ("Opp."), Plaintiff requested a "preliminary hearing" on this motion. Opp. ¶ 1. A plaintiff in a civil litigation is not entitled to a hearing as a matter of right. While it is true that "a court may establish regular times and places for oral hearings on motions,"

1

## BACKGROUND[3]

Plaintiff, an African American woman, was hired for the Spring 2011 semester as an Adjunct Lecturer in BMCC's Music and Art Department to teach drawing and painting classes. Opp. Ex. 1. As an Adjunct Lecturer, Plaintiff was "under signed contract" every semester. Compl. § III.C. She alleges that in May 2012, BMCC began denying her class assignments and promotions due to her race and gender. *Id.* On June 26, 2012, Plaintiff asserts, she was denied a full-time position and referral by the Department Chair. Opp. Ex. 1. She further claims that on February 19, 2013, she was denied a new position and referral by the Department Chair. *Id.* In Spring 2013, Thaddeus Radell, a male whose race is unclear from the Complaint, was promoted to Deputy Chair, although Plaintiff alleges that "his skills are not as qualified [as hers]." Compl. § III.C. Plaintiff also claims that during this time the Department Chair denied her any promotions, and new jobs were referred to Alizabeth Towery, a Caucasian female. *Id.* About this time—it is unclear exactly when—Plaintiff alleges that she also received a "scathing observational report" from Simon Carr, Compl. § III.C., and was accused by Defendants of using "abstract" or "ineffective" instructional techniques. Opp. ¶ 5. Plaintiff claims that, by contrast, two other individuals, both Caucasian females, received observation reports that were not "detrimental." Compl. § III.C.

On September 3, 2013, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* Mou Decl. Ex. 1 ("EEOC Charge").[4] On

---

Fed. R. Civ. P. 78(a), a district court "acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument." *Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005). No such oral hearing was necessary to decide this this motion.

[3] This statement of facts is drawn from the allegations in Plaintiff's Complaint and her subsequent opposition papers. Although courts in this Circuit have generally made clear that "a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss," *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010), "[a] district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in [her] papers opposing the motion." *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013).

June 18, 2014, the EEOC issued Plaintiff a right to sue letter. *See* Mou Decl. Ex. 2 ("EEOC Letter"). Thereafter, Plaintiff filed the instant Complaint.

## DISCUSSION

### I.   Legal Standard

On a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true, and draw all reasonable inferences in Plaintiff's favor. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Where the plaintiff is *pro se*, the complaint "must be construed liberally with special solicitude and interpreted to raise the strongest claims that it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (citation omitted).

### II.  ADA Claims

Defendants argue that Plaintiff's claims under the ADA must be dismissed because she failed to comply with the condition precedent of filing an EEOC charge for her disability claim prior to filing the instant action. Defs.' Br. at 8.

A plaintiff seeking to bring an employment discrimination action pursuant to Title I of the ADA, as Plaintiff does here, must comply with 42 U.S.C. § 2000e-5, which "requires a

---

[4] Although Plaintiff's 2013 EEOC charge was not attached to her Complaint, the Complaint does allege that "several complaints were filed with the EEOC." Compl. § IV. The EEOC charge is further referenced in Plaintiff's affidavit in opposition to Defendants' motion to dismiss. Opp. ¶¶ 6-7. "Courts in this Circuit have repeatedly held that when EEOC charges are expressly referred to in the pleading, they may be considered incorporated by reference." *Muhammad v. New York City Transit Auth.*, 450 F. Supp. 2d 198, 204 (E.D.N.Y. 2006).

claimant to file a charge of employment discrimination with the EEOC within 180 days after the discriminatory act." *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138 (2d Cir. 2007). "A plaintiff must file a charge of discrimination with the EEOC and obtain a right to sue letter from the EEOC before proceeding to federal district court. A district court . . . [may] only hear claims that are either included in the EEOC charge or are based on conduct which is reasonably related to conduct alleged in the EEOC charge." *Fiscina v. New York Dist. Council of Carpenters*, 401 F. Supp. 2d 345, 356 (S.D.N.Y. 2005) (citations omitted) (alterations in original), *aff'd*, 206 Fed. Appx. 8 (2d Cir. 2006). "A claim is 'reasonably related to' the allegations in the EEOC charge where the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Ford v. New York City Dep't. of Health and Mental Hygiene*, 545 F. Supp. 2d 377, 391 (S.D.N.Y. 2008) (quoting *Smith v. Am. President Lines, Ltd.*, 571 F. 2d 102, 107 n. 10 (2d Cir. 1978)), *aff'd*, 352 Fed. Appx. 471 (2d Cir. 2009).

While Plaintiff's EEOC charge does allege race and sex discrimination, the charge is entirely devoid of any mention of disabilities, much less that Defendants discriminated against Plaintiff on that basis. *See* EEOC Charge. Nor could any disability discrimination claim be "reasonably related" to the race and sex claims alleged here since there is no suggestion that such a claim would "reasonably be expected to grow out of the charge of discrimination." *Ford*, 545 F. Supp. 2d at 391; *see also Spurlock v. NYNEX*, 949 F. Supp. 1022, 1030 (W.D.N.Y. 1996) (ADA claim not reasonably related to Title VII race discrimination charge where the charge did not mention that the plaintiff was disabled or that he believed that he had been discriminated against based on a disability). Because Plaintiff's EEOC charge fails to satisfy the requirements of Section 2000e-5 with respect to her ADA claims, those claims are dismissed.

Having decided this issue on the basis of Plaintiff's failure to clear this procedural bar, the Court need not reach Defendants' other arguments concerning Plaintiff's ADA claims.

### III. Title VII Claims

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, "prohibits employment discrimination on the basis of race, color, religion, sex, or national origin." *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). In order to state a *prima facie* case of discrimination, a plaintiff must show that: "(1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action took place under circumstances giving a rise to an inference of discrimination." *Risco v. McHugh*, 868 F. Supp. 2d 75, 100 (S.D.N.Y. 2012) (citing *Ruiz v. Cnty. of Rockland*, 609 F.3d 486, 491 (2d Cir. 2010)).

In order to withstand a motion to dismiss on a Title VII claim, a Plaintiff "is not required to plead facts sufficient to establish a *prima facie* case." *Chinnery v. New York State Office of Children and Family Servs.*, No. 10-CV-882 (DAB), 2012 WL 5431004, at *2 (S.D.N.Y. Nov. 5, 2012). "However, the elements of the *prima facie* case 'provide an outline of what is necessary to render a plaintiff's . . . claims for relief plausible.'" *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 404 (S.D.N.Y. 2014) (citation omitted) (alteration in original). Courts, therefore, "consider these elements in determining whether there is sufficient factual matter in the complaint which, if true, gives Defendant a fair notice of Plaintiffs claim and the grounds on which it rests." *Wilson v. New York City Dep't of Corr.*, No. 11-CV-9157 (PAE), 2013 WL 922824, at *4 (S.D.N.Y. Mar. 8, 2013)(citations omitted).

Defendants argue that the Title VII claims against Meltzer, Radell, and Carr must be dismissed because there is no individual liability under Title VII. Defs.' Br. at 7. As to BMCC,

Defendants contend that Plaintiff's claims must be dismissed for failure to state a claim upon which relief may be granted. *Id.* at 13-14.

### A. Individual Defendants

The Court agrees with Defendants that the claims against Meltzer, Radell, and Carr must be dismissed since, as Defendants correctly observe, there is no individual liability under Title VII. *See, e.g., Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012) ("Title VII does not impose liability on individuals."); *Milne v. Navigant Consulting*, 08-CV-8964 (NRB), 2009 WL 4437412, at *3 (S.D.N.Y. Nov. 30, 2009) ("Title VII claims may only be maintained against employers. This limitation has repeatedly been found to bar Title VII actions against individual officers and executives.").

### B. BMCC

Defendants' main contention in this case is that Plaintiff fails to adequately plead that BMCC's "refusal to renew her employment contract was motivated by race or gender." Defs.' Br. at 14. "The law in this Circuit is clear that the '*sine qua non*' of a Title VII discrimination claim is that 'the discrimination must be *because of* [a protected characteristic].'" *Henry*, 18 F. Supp. 3d at 407 (quoting *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (alteration in original)). The Court agrees that, even taking the allegations in the Complaint as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not "plead facts that 'create an inference that any adverse action taken by [ ] defendant was based upon [her race or gender].'" *Jackson v. NYS Dep't. of Labor*, No. 09-CV-6608 (KBF), 2012 WL 843631, at *4 (S.D.N.Y. Mar. 12, 2012) (quoting *Patane*, 508 F.3d at 112) (alterations in original).

Here, Plaintiff alleges that she was denied promotions and job opportunities because "[she] was the only [b]lack female [i]nstructor" and that "[she] was let go based on [her] . . .

6

[g]ender and [r]ace." Compl. § III.C. Plaintiff's Complaint, however, fails to rise above such conclusory allegations to plead any facts suggesting that the allegedly adverse actions taken by Defendants were based upon her race or gender and not upon her performance. Indeed, Plaintiff admits in her Complaint that she received "scathing reports of [her] teaching/instructional skills which lead up to current unemployment status." *Id.* By Plaintiff's own admission, Defendants determined that she was using "'abstract' instructional techniques" and that she was "ineffective." Opp. ¶ 5. These evaluations critical of her teaching performance suggest "an obvious alternative explanation" to discrimination: that Defendants regarded her as ineffective, not that they denied class assignments and promotions because of her race or gender. *See Iqbal* 556 U.S. at 682 (quoting *Twombly* 550 U.S. at 567).

To the extent that Plaintiff contends that she received these "scathing reports" because of her race or gender, no facts are alleged that would make such an inference plausible. While she alleges that others received less "detrimental" reports, all of these individuals are also women, undercutting any claim based on sex. *See* Compl. § III.C. And although these women are all allegedly Caucasian, Plaintiff does not allege any facts to suggest that they were "similarly situated" to her such that an inference of differential treatment "may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001); *see also Henry*, 18 F. Supp. 3d at 408 ("'A plaintiff may support an inference of race discrimination by demonstrating that similarly situated employees of a different race were treated more favorably,' but '[i]n order to make such a showing, the plaintiff must compare herself to employees who are similarly situated in all material respects.'" (quoting *Norville v. Staten Island Univ. Hosp.*, 196 F.3d 89, 95 (2d Cir. 1999)). As in *Henry*, where the court dismissed the complaint, Plaintiff here "fails to describe who these [comparator Caucasian] people are, what their responsibilities were,

how their workplace conduct compared to [Plaintiff's], or how they were treated." *Henry*, 18 F. Supp. 3d at 408. There is thus no factual basis "from which one could infer that any Caucasian employee similarly situated to [Plaintiff] was subject to differential treatment." *Id.* The fact that "an unspecified class of Caucasian people," *id.*, received positive reports, in and of itself, is insufficient to push Plaintiff's claims over "the line between possibility and plausibility." *Twombly*, 550 U.S. at 557.

Plaintiff's allegations thus do not adequately allege that any adverse actions were taken because of her race and/or gender as opposed to her performance.

## C.    Opportunity to Amend

Plaintiff will be granted one opportunity to amend her Complaint to address the specific deficiencies noted in this Opinion. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("A *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.") (citation and alterations omitted). If Plaintiff has a good faith basis to amend her Complaint she must do so no later than 30 days from the date of this Opinion and Order. Plaintiff is cautioned, however, that if she chooses to file an Amended Complaint but fails to allege the necessary factual predicates for her claims, her action will be dismissed with prejudice and she will be barred from refiling it.[5]

---

[5] Because the Court grants Defendants' motion on the merits, it need not address Defendants' statute of limitations argument. To the extent that Plaintiff chooses to amend her Complaint, to overcome the 300-day time bar, she must allege facts sufficient to support a "continuing violation" exception. The continuing violation doctrine provides that a "timely filing of an EEOC charge, which refers to 'a particular discriminatory act committed in furtherance of an ongoing policy of discrimination, extends the limitations period for all claims of discriminatory acts committed under that policy even if those acts, standing alone, would have been barred by the statute of limitations.'" *De la Peña v. Metropolitan Life Insurance Co.*, 953 F. Supp. 2d 393, 407 (E.D.N.Y. 2013) (quoting *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997)). "Discrete incidents of discrimination that are unrelated to an identifiable policy or practice, on the other hand, will not ordinarily amount to a continuing violation, unless such incidents are specifically related and are allowed to continue unremedied for so long as to amount to a discriminatory policy of practice." *Lightfoot*, 110 F.3d at 907 (citation omitted).

8

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and this action is dismissed without prejudice to filing an Amended Complaint within 30 days. If no Amended Complaint is filed by that date, this dismissal will be with prejudice.

SO ORDERED.

Dated: July 28, 2015
       New York, New York

_____
Ronnie Abrams
United States District Judge